UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**FILED**

January 23, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
JW
DEPUTY

STEVEN OPELLA, §
§
*Plaintiff,* §
§
v. §     No. 3:25-cv-00170-KC
§
EVERARD BURKE, INC. DIGITAL §
FINANCE RESEARCH CORP., CLARE §
ANNA CATHRINE GOHEE DE BUHR, §
HANNA ELIZABETH POLANSKY, and §
EVELYN SHELLEY, §
§
*Defendants.* §

<u>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**</u>

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Clare Anna Cathrine Gohee de Buhr's Motion to Dismiss (ECF. No. 7) under Federal Rule of Civil Procedure 12. For the reasons below, the Court recommends the Defendants' Motion be **GRANTED.**

## I.    BACKGROUND

### A.    Factual Background

On May 9, 2025, Plaintiff filed his Complaint against Defendants Everard Burke Inc., Digital Finance Research Corp., Clare Anna Cathrine Gohee de Buhr, Hannah Elizabeth Polansky, and Evelyn Shelley.[1] According to Plaintiff's complaint, Plaintiff is suing Defendants for fraudulent misrepresentation, wire fraud, civil RICO violations, breach of contract, conversion,

---

[1] ECF No. 1.

and unjust enrichment.[2] Plaintiff alleges that Clare Anna Cathrine Gohee De Buhr is a California resident and is president and/or owner of Everard Burke, Inc.[3] Further, Plaintiff alleges that "Clara Anna Cathrine Gohee De Buhr (Everard Burke's owner)… directly controlled and participated in the scheme, authorizing deceptive marketing and fund diversion.[4]

On August 14, 2025, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction.[5] Defendant asserts that "The Clare Anna Cathrine Gohee De Buhr ("Defendant") that files this motion is not the president or owner of Everard Burke, Inc."[6] Further, Defendant asserts that she is domiciled in Arizona, has never lived in California, "has never been employed, managed, operated, or supervised a cryptocurrency business or investment platform," "does not know Plaintiff or any of individually named defendants," and "had never heard of Everard Burke, Inc. or Digital Finance Research Corp. before being served with the lawsuit in this case."[7] Plaintiffs filed a Response[8] and Defendants filed a reply.[9]

## II.    STANDARD

Plaintiffs bear the burden of establishing that the Court has personal jurisdiction over a nonresident defendant. *Williams v. NIBCO Inc.*, No. SA-20-CV-0048-JKP-RBF, 2021 WL 1069044, at *2 (W.D. Tex. Mar. 18, 2021) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 211 (5th Cir. 2016)). Although plaintiffs must demonstrate specific jurisdiction for each claim asserted, when the Court resolves a Rule 12(b)(2) motion without an evidentiary hearing, that burden may be satisfied by making a prima facie showing

---

[2] *See generally* ECF No. 1.
[3] *Id*. at 2.
[4] *Id*. at 8.
[5] ECF No.7.
[6] *Id.* at 2.
[7] *Id*.
[8] ECF No. 8.
[9] ECF No. 10.

based on the pleadings. *Id.* (citing *Int'l Energy Ventures*, 818 F.3d at 211 & n.73). In such circumstances, the Court must accept the plaintiff's uncontroverted allegations as true and resolve all factual disputes in the plaintiff's favor. *Id.* (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)).

Specific personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation," focusing on the connection between the forum and the underlying controversy. *Id.* at *3 (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014); *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Because the Texas long-arm statute extends to the limits of constitutional due process, the jurisdictional inquiry hinges on whether exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Id.* (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)).

The Fifth Circuit applies a three-step analysis to determine whether specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum by purposefully directing activities toward the forum or purposefully availing itself of the privilege of conducting activities there; (2) whether the plaintiff's claims arise out of or relate to those forum-directed contacts; and (3) whether the exercise of jurisdiction is fair and reasonable. *Id.* (quoting *Monkton*, 768 F.3d at 433; *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). While the plaintiff bears the burden of establishing the first two prongs, once that showing is made, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would be unfair or unreasonable. *Id.* Analysis of the third factor, whether exercise of jurisdiction is reasonable and fair, requires the court to balance: (1) the burden upon Clare Anna Cathrine Gohee De Buhr, (2) the interests of the forum state of Texas, (3) Plaintiffs' interest in securing relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of

the several States in furthering fundamental substantive social policies. *Johnson v. Hope Vill. Apartments*, No. 1:10-CV-385, 2010 WL 11552995, at \*2 (E.D. Tex. Nov. 3, 2010) (citing *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 385 (5th Cir. 2003)).

### III.    DISCUSSION

By their Motion, Defendant moves to dismiss for lack of personal jurisdiction, alleging: "This Court does not have specific jurisdiction over defendant because defendant did not purposefully direct her activities to Texas and plaintiff's claim did not arise out of or relate to defendant's contacts with Texas. Defendant has not had any contacts with Texas and specifically not as an owner of Everard Burke, Inc. or operator of an AI-driven cryptocurrency trading program. Defendant has never conducted any business in Texas."[10] Further, Defendant claims, "[t]his Court's assumption of jurisdiction over defendant would offend traditional notions of fair play and substantial justice and would be inconsistent with due process of law."[11]

### A.    Fiduciary Shield

Under the fiduciary-shield doctrine, a court generally may not exercise personal jurisdiction over a corporate officer based solely on the corporation's forum contacts. *Harrison v. Aztec Well Servicing Co.*, No. 1:20-CV-038-H, 2020 WL 10897932, at \*3 (N.D. Tex. Oct. 21, 2020) (citing *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775 (5th Cir. 2007)). The doctrine, however, does not insulate corporate officers from personal jurisdiction when they themselves engage in tortious conduct directed at the forum state. *Id.*

In *General Retail Services*, a corporate officer of a franchisor personally mailed allegedly fraudulent marketing materials to a prospective franchisee in Texas. 255 F. App'x at 779. The Fifth Circuit held that the fiduciary-shield doctrine did not bar the exercise of personal jurisdiction

---

[10] ECF No. 7 at 4.
[11] *Id*. at 5.

over the officer because the plaintiff's claims arose from the officer's own forum-directed conduct. *Id.* at 794–95. As the court explained, although the doctrine may prohibit attributing a corporation's contacts to an officer, it "does not prohibit [an officer] from being held personally liable for his own tortious conduct simply because he is an officer of a corporation." *Id.* at 795.

Procedurally, the party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts sufficient to support the exercise of personal jurisdiction over a nonresident defendant. *Johnson v. Hope Vill. Apartments*, No. 1:10-CV-385, 2010 WL 11552995, at *3 (E.D. Tex. Nov. 3, 2010) (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999)). That burden, however, is not onerous. When the court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Id.* In doing so, the court must accept the plaintiff's allegations as true and resolve all factual disputes in the plaintiff's favor. *Id.*

Here, the complaint alleges that Defendant is a "California [r]esident and owns Everard Burke Inc."[12] Further, Plaintiff asserts "[t]his case concerns an investment arrangement initiated by… Everard Burke Inc., and individual Defendants which engaged the claimant…" Throughout the complaint Plaintiff references individual defendant Evelyn Shelley, as his point of contact throughout the alleged conduct, and the individual who "directed," "promoted," "advised," and "instructed" Plaintiff throughout the alleged conduct.[13] Plaintiff mentions that Defendant Clare Anna Cathrine Gohee De Buhr "knowingly and willfully devised a scheme to defraud Plaintiff…" and also asserts that Defendant Clare Anna Cathrine Gohee De Buhr "…directly controlled and participated in the scheme, authorizing deceptive marketing and fund diversion."[14] Further,

---

[12] ECF No. 1 at 2.
[13] *Id.* at 3-4.
[14] *Id*. at 6-8.

Plaintiff alleges that "Clare Anna Cathrine Gohee De Buhr… as [owner] of EB… directly controlled corporate accounts and personally beenfited from the scheme." [15] However, it is unclear what Defendant Clare Anna Cathrine Gohee De Buhr's role was in the alleged scheme, and Plaintiff fails to demonstrate what actual fraudulent conduct Defendant Clare Anna Cathrine Gohee De Buhr engaged in in her individual capacity and what forum-directed conduct she specifically undertook. In short, this Court concludes that the contacts of Everard Burke, Inc. or Evelyn Shelley should not be imputed to Defendant Clare Anna Cathrine Gohee De Buhr for jurisdictional purposes.

### B.    General Jurisdiction

A federal court may exercise personal jurisdiction over a nonresident defendant if the forum state's long-arm statute authorizes jurisdiction and the exercise of jurisdiction comports with constitutional due process. *Harrison v. Aztec Well Servicing Co.*, No. 1:20-CV-038-H, 2020 WL 10897932, at *1 (N.D. Tex. Oct. 21, 2020) (citing *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 931 F.3d 539, 539 (5th Cir. 2019)). Because Texas's long-arm statute extends to the limits of federal due process, the jurisdictional inquiry collapses into a two-step due process analysis. *Id.*

To satisfy due process, a plaintiff must demonstrate that the defendant has established minimum contacts with the forum state and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts may be established through either general or specific jurisdiction. *Id.*

---

[15] *Id*. at 23.

General jurisdiction exists only when a nonresident defendant's contacts with the forum state are so "continuous and systematic" as to render the defendant essentially at home in the forum, even where those contacts are unrelated to the plaintiff's claims. *Johnson v. Hope Vill. Apartments*, No. 1:10-CV-385, 2010 WL 11552995, at *4 (E.D. Tex. Nov. 3, 2010) (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). The Fifth Circuit has emphasized that this is a demanding standard, requiring substantial, ongoing contacts with the forum state that approximate a physical presence. *Alpine View*, 205 F.3d at 214–15 (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). Here, Defendant "is domiciled in Arizona and has lived in Arizona nearly all her life."[16] She is not domiciled in Texas and has "never done any business in Texas and has only been in Texas when passing through airports on connecting flights."[17] Therefore, this does not constitute "continuous and systemic" contacts.

### C.   Specific Jurisdiction

The Due Process Clause permits the exercise of specific personal jurisdiction over a nonresident defendant when two requirements are satisfied: "(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Alpine View*, 205 F.3d at 215 (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999), in turn quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts may support either specific or general jurisdiction. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Specific jurisdiction is appropriate when the defendant has purposefully directed activities toward the forum state and the litigation arises out of or relates to those forum-directed activities. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472

---

[16] ECF No. 7 at 2.
[17] *Id*. at 5.

(1985); *Helicopteros*, 466 U.S. at 414). Here, there is limited information tying the Defendant to the conduct of Everard Burke, Inc., even if she is indeed the owner and president. Defendant has not purposefully directed activities to residents in Texas, and has not been in contact with Plaintiff at all. Further, Defendant asserts under penalty of perjury that she is not president or owner of Everard Burke, Inc., "had never heard of Everard Burke, Inc," "[has] not managed, operated, supervised, or been employed, with a cryptocurrency business or investment platform" and "had not heard of [Plaintiff] [or any of the individually names defendants]."[18] Moreover, because most of the factors weight against personal jurisdiction over Defendant, it would likely not be fair to require Defendant to defend in Texas.

### IV.    CONCLUSION and RECOMMENDATION

For all these reasons, the Court hereby recommends that Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED**.

**So RECOMMENDED and SIGNED this 23rd day of January 2026.**

_____
**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE
**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[18] Unsworn Declaration in Support of Motion to Dismiss ¶ 3-7, ECF No. 7-1 (August 14, 2025).