**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **STEVEN OPELLA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-170-KC** |
| | § | |
| **EVERARD BURKE, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

On this day, the Court considered the case. On December 18, 2025, the Court referred Defendant Clare Anna Cathrine Gohee de Buhr's Motion to Dismiss, ECF No. 7, to United States Magistrate Judge Laura Enriquez. Dec. 18, 2025, Text Order. On January 23, 2026, Judge Enriquez filed a Report and Recommendation ("R&R"), ECF No. 27, recommending that the Motion be granted because there is no personal jurisdiction over Burke.

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections. *See* 28 U.S.C. § 636(b)(1)(C). On January 29, 2026, Plaintiff filed his objections to the R&R arguing that (1) it misapplied the Federal Rule of Civil Procedure 12(b)(2) standard in considering the allegations; (2) it failed to consider the wire fraud and conversion claims; (3) it failed to apply controlling precedent, and; (4) it misapplied the fiduciary shield doctrine. Objs., ECF No. 30.

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine

de novo any part of the magistrate judge's disposition that has been properly objected to.");

*Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Upon de novo review, the Court rejects Plaintiff's objections essentially for the reasons stated by Judge Enriquez.  First, the R&R correctly accepts Plaintiff's well-pleaded allegations as true.  R&R 2–3, 5–6.  Second, the wire fraud and conversion causes of action do not change the personal jurisdiction analysis because Plaintiff did not show Buhr, in her individual capacity, purposefully directed her activity to Texas.  *Id.* at 5–6.  This analysis applies equally to all of Plaintiff's claims, which arise from the same nucleus of facts.  *See id.*  Third, Plaintiff's reference to *Calder v. Jones*, 465 U.S. 783 (1984) is unavailing because it does not affect the determination that jurisdiction is lacking over Buhr, as opposed to her alleged company, Everard Burke, Inc.  *See* Obj. 5; R&R 5–8.  Particularly, the R&R notes that despite Plaintiff being injured in Texas, there was insufficient information to establish that Buhr herself had minimum contacts to the forum in her individual capacity.  R&R 8.  Lastly, the R&R properly applied the fiduciary shield doctrine because it found that Plaintiff failed to provide non-conclusory allegations that Buhr personally engaged in any tortious conduct directed at the forum state.  *Id.* at 4–6.

Accordingly, the Court **ADOPTS** the R&R, ECF No. 27, in its entirety, and **ORDERS** that Buhr's Motion to Dismiss for Lack of Jurisdiction, ECF No. 7, is **GRANTED**.  Plaintiff's claims against Buhr are **DISMISSED** for lack of personal jurisdiction.

**SO ORDERED.**

**SIGNED** this 3rd day of February, 2026.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE